# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 13-00012-KD-M** |
| | ) | |
| **DESMOND DESHAWN BLAKE,** | ) | |
|     **Defendant.** | ) | |

## <u>ORDER</u>

This action is before the Court on the motion for credit for time spent in federal custody filed by Defendant Desmond Deshawn Blake (doc. 78).  Upon consideration, and for the reasons set forth herein, the motion is dismissed for lack of jurisdiction.

In August 2013, Blake pled guilty to the offense of felon in possession of a firearm.  He was sentenced to serve 46 months in prison with 3 years of supervision to follow (doc. 25).  Blake was released and began serving his term of supervision on May 20, 2018.  His supervised release was revoked in March 2019 (doc. 41).

A second petition for revocation was filed in July 2020 (and subsequently revised several times).  The writ of arrest was not executed until January 2023 (doc. 57).  The docket is unclear as to whether Blake was taken into federal custody at that time because in October 2023, he was brought to this Court on a writ of habeas corpus ad prosequendum from Bullock Correctional Facility for his initial appearance on the petition for revocation (doc. 59).  Blake remained in federal custody until February 2024 when the Court stayed the petition pending resolution of charges in Escambia County, Alabama, and Blake was remanded to state custody (doc. 72).

In August 2024, Blake returned to federal custody and his revocation hearing was held in September 2024 (doc. 77). In the judgment on revocation of supervised release, Blake was sentenced to "24 months, with credit for time served in federal custody. No supervised release

term to follow" (doc. 77). Blake is currently in the custody of the Federal Bureau of Prisons at USP Lee in Pennington Gap, Virginia. His projected release date is April 14, 2026.

Blake moves the Court to order the BOP to correct his release date. Blake argues that he has not received credit for "several months" in federal custody (doc. 78, p. 1). Specifically, he seeks credit for "time served" in the amount of "8 months and 16 days" which Blake believes is the "amount of jail credit owed" (Id., p. 4).[1]

However, this Court does not have authority to order the BOP to correct its computation of jail credit. Decisions regarding credit for time spent in custody are made by the United States Bureau of Prisons, not the sentencing court. 18 U.S.C. § 3585(b). United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted). The Supreme Court has held that "'§ 3585(b) does not authorize a district court to compute the credit at sentencing." United States v. Coates, 775 Fed. Appx. 669, 670–71 (11th Cir. 2019) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)).

Thus, Blake may ask the Bureau of Prisons to recalculate his credit for time spent in custody. United States v. Leverette, 721 Fed. Appx. 916, 917 (11th Cir. 2018). If the BOP declines to award credit, he may pursue a "claim through the Bureau's Administrative Remedy Program." Leverette, 721 Fed. Appx. at 917 (Citing 28 C.F.R. § 542.10, *et seq*). If he is dissatisfied with the calculation of credit after he has exhausted the administrative remedy procedures through the BOP, he may seek judicial review of the calculation by way of a petition

---

[1] Blake acknowledges that he received credit for 39 days in custody between August 1, 2024, and September 9, 2024, the day he was sentenced (doc. 78, p. 4).

pursuant to 28 U.S.C. § 2241. Id.  Although, exhaustion of administrative remedies is no longer a jurisdictional requirement, it is still a requirement. Id.

    Additionally, a § 2241 petition must be filed in the district court for the district where Blake is incarcerated.  Since he is incarcerated at USP Lee in Pennington Gap, Virginia, this Court would not have jurisdiction to hear his § 2241 petition.

    **DONE** and **ORDERED** this 23rd day of May 2025.

        **s / Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**