IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Criminal Action No. 13-00012-KD-M |
| | ) |
| DESMOND DESHAWN BLAKE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Desmond Blake's "Motion to Alter, Amend, or Correct Judgment to Properly Facilitate the Court's Oral Pronouncement" (doc. 80) and letter in support (doc. 81). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.[1]

I. Background

In August 2013, Blake pled guilty to the offense of felon in possession of a firearm. He was sentenced to serve 46 months in prison with 3 years of supervision to follow (doc. 25). Blake was released and began serving his term of supervision on May 20, 2018. His supervised release was revoked in March 2019 (doc. 41).

A second petition for revocation was filed in July 2020 (and subsequently revised). The writ of arrest was not executed until January 2023 (doc. 57). The docket is unclear as to whether Blake was taken into federal custody at that time. In October 2023, he was brought to this Court

---

[1] The Court also received a letter from Blake dated August 11, 2025. He asked the Court to write a letter to the BOP verifying the "exact amount of time" he was in federal custody before he was sentenced and the Court intended for him to receive credit for that time. The Court declines to do so.

on a writ of habeas corpus ad prosequendum from Bullock Correctional Facility for his initial appearance on the petition for revocation (doc. 59). Blake remained in federal custody until February 2024 when the Court stayed the petition pending resolution of charges in Escambia County, Alabama. Blake was remanded to state custody (doc. 72).

In August 2024, Blake returned to federal custody and his revocation hearing was held September 9, 2024 (doc. 77). In the judgment on revocation of supervised release, Blake was sentenced to "24 months, with credit for time served in federal custody. No supervised release term to follow" (doc. 77). Blake is currently in the custody of the Federal Bureau of Prisons at USP Lee in Pennington Gap, Virginia. His projected release date is July 28, 2026.

In May 2025, Blake moved the Court for an order to correct the Bureau of Prisons calculation of his credit for time served in federal custody (doc. 78). Blake believed that he was entitled to credit "from the day [he] was picked up from" the Alabama Department of Corrections at some time in October 2023 until August 1, 2024 (Id.). Blake's motion was dismissed for lack of jurisdiction (doc. 79). The Court explained that the BOP had the authority to calculate credit for time served in federal custody. The Court also explained that if Blake was dissatisfied with the BOP's calculation, he could file a motion pursuant to 28 U.S.C. § 2241 in the United States District Court of the district where he is incarcerated.

II. <u>Analysis</u>

Blake now moves the Court pursuant to Fed. R. Crim. P. 36 to amend its judgment to conform to the Court's oral pronouncement of sentence (doc. 80). Blake asserts that the Federal Bureau of Prisons "is refusing to recognize" the judgment "and is not providing Blake with credit from October 17, 2023 through February 28, 2024" the time that he was in federal custody on a writ of habeas corpus ad prosequendum (doc. 80, p. 2) (doc. 81) (asking the Court to correct

2

his release date to reflect the four and one-half months in federal custody from October 2023 to February 2024).

Blake argues that this Court "orally granted" him presentence "credit for the time spent in federal custody under [the] writ of habeas corpus ad prosequendum" but the "written judgment fails to represent, specifically, that Defendant was ordered to be given credit for the specific dates he was in federal custody on [the] Writ." (doc. 80, p. 3). He argues the BOP refuses "to give [him] credit for the disputed time" because the "judgment is silent on the issue." (Id.).

Blake argues that the Court may take one of "two independent remedial measures" to "properly effectuate its sentence as orally pronounced." (Id., p. 4). The Court can enter an order pursuant to Fed. R. Crim. P 36 clarifying that he should receive credit for the time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum - October 17, 2023 to February 28, 2024 – or the Court can "amend/correct the written judgment under U.S.S.G. § 5G1.3(b)(1) and reduce [his] sentence by the amount of time 'that will not be credited to the federal sentence by the Bureau of Prisons.'" (Id., p. 4-5).

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Civ. P. 36. However, Blake seeks an amendment to the judgment, not a correction of an error. The judgment correctly reflects the oral pronouncement of sentence. The sentence was imposed as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 months, with credit for time served in federal custody.

(Doc. 77, p. 3).

The Court orally pronounced: "you are to be given credit for time served since you've been in federal custody." (Unofficial Transcript, p. 11). The Court **did not orally pronounce** "credit for time served in federal custody pursuant to the writ of habeas corpus ad prosequendum" and the Court **did not orally pronounce** credit for any specific time frame that Blake was in federal custody on the writ of habeas corpus ad prosequendum. The oral pronouncement reflects the Court's intent that the BOP would calculate any credit for time served in federal custody. Thus, relief is not available under Rule 36.

To the extent that Blake argues that the Court may amend the judgment and reduce his sentence pursuant to U.S.S.G. § 5G1.3(b), his argument fails. The Court of Appeals for the Eleventh Circuit has explained that "[w]hile U.S.S.G. § 5G1.3 governs the district court's authority to account for time served on a state sentence, that provision of the Guideline does not provide a post-judgment avenue to collaterally seek that relief." United States v. Parks, 2025 WL 1523917, at *2 (11th Cir. 2025) (emphasis added). Thus, relief is not available under U.S.S.G. § 5G1.3(b).

Blake also states that he "sought administrative remedial procedures, but the FBOP is only considering the judgment, but failing to take into account the sentencing transcript which clearly evinces the Court's formal judgment orally on the record" that he should "be given credit for time spent in federal custody on writ" of habeas corpus ad prosequendum (doc 80, p. 2). If Blake has exhausted the BOP's administrative remedy procedures, see 28 C.F.R. § 542.10, *et seq.*, and he is still dissatisfied with the calculation of credit, he may seek judicial review of the calculation by way of a petition pursuant to 28 U.S.C. § 2241. United States v. Leverette, 721 Fed. Appx. 916, 917 (11th Cir. 2018). Although, exhaustion of administrative remedies is no longer a jurisdictional requirement, it is still a requirement. Id.

4

**Again, a § 2241 petition must be filed in the district court for the district where Blake is incarcerated. Since he is incarcerated at USP Lee in Pennington Gap, Virginia, this Court would not have jurisdiction to hear his § 2241 petition.** In other words, if Blake files a petition pursuant to 28 U.S.C. § 2241 in this Court, the petition will be subject to dismissal without prejudice for lack of jurisdiction.

III. Conclusion

For the reasons set forth herein, Blake's motion is denied.

The Clerk is directed send Blake a copy of this Order.

DONE and ORDERED this the 27th day of October 2025.

                                            s/ Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            UNITED STATES DISTRICT JUDGE